UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK MINIGAN, JR.

                Petitioner,

     -vs-

EDWARD R. DONNELLY, Superintendent,
Wende Correctional Facility,

              Respondent.
_____

**ORDER**
**No. 01-CV-0026A(VEB)**

      Petitioner, Frank Minigan, Jr. ("Minigan"), filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 challenging his 1989 conviction in New York State

Supreme Court (Monroe County) on one count of second degree (felony) murder and two counts

of first degree robbery. *See* Docket No. 1. United States District Judge Richard Arcara referred

this matter to the undersigned on November 15, 2006, for the purpose of, *inter alia*, hearing and

disposing of all non-dispositive motions. *See* Docket No. 26. On October 30, 2006, Minigan filed

a motion for an evidentiary hearing "in reference to the petition for a Writ of Habeas Corpus

Article '70' [sic], and 28 U.S.C. 2254, filed by petitioner. . . ." *See* Docket No. 25. Respondent

has not submitted any papers opposing Minigan's motion for an evidentiary hearing.

      Pursuant to Section 2254(e)(1), "a determination of a factual issue made by a State court

shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The applicant seeking habeas relief

under Section 2254(d) "shall have the burden of rebutting the presumption of correctness by clear

and convincing evidence." *Id.* Minigan appears to seek an evidentiary hearing on each of the

claims raised in his petition, but Minigan does not explain which factual matters need to be

explored at the evidentiary hearing. To the extent that Minigan is claiming that he presented the

factual basis of his claims in state court, but the state trial court improperly or incorrectly determined factual issues, he is not entitled to an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding . . . for a writ of habeas corpus . . . a determination of a factual issue made by a State court shall be presumed to be correct"). While Section 2254(e)(1) affords Minigan the ability to rebut the presumption of correctness through the production of clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1), Minigan has not made such a showing in this motion. The Affirmation submitted by Minigan in support of his motion does not indicate which specific claims raised in his petition require an evidentiary hearing. Rather, the Affirmation simply recites the case-law applicable to motions for evidentiary hearings in the habeas corpus context without indicating how these cases support Minigan's request.

Moreover, the Court has reviewed the entire record regarding Minigan's case and has issued a Report and Recommendation (Docket No. 27) recommending that all of Minigan's claims be dismissed and that a Certificate of Appealability not issue with regard to any of the claims raised in the petition. As stated in this Court's Report and Recommendation, all of Minigan's claims are either procedurally defaulted, without merit, or both. The Court finds that no purpose would be served by granting an evidentiary hearing as all of the facts necessary to resolve Minigan's claims were adequately developed on the record.

Accordingly, it is hereby

**ORDERED** that petitioner's motion for an evidentiary hearing (Docket No. 25) is **DENIED** without prejudice.

**IT IS SO ORDERED**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:      February 16, 2007
            Buffalo, New York.